**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 6 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NAVEEN KUMAR,

      Petitioner,

  v.

WILLIAM P. BARR, Attorney General,

      Respondent.

No.   17-72768

Agency No. A208-193-672

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 4, 2020**
Portland, Oregon

Before: SCHROEDER, WATFORD, and HURWITZ, Circuit Judges.

Naveen Kumar petitions for review of a Board of Immigration Appeals

(BIA) order dismissing his appeal from the decision of an immigration judge (IJ)

denying his application for asylum, withholding of removal, and protection under

the Convention Against Torture (CAT). We deny the petition.

   **1.** The BIA affirmed the denial of Kumar's asylum and withholding of

---

    \*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    \*\*    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal claims based on the IJ's adverse credibility finding. Substantial evidence supports the BIA's determination.

Kumar provided inconsistent testimony about the identity of the individuals who attacked him. In his credible fear interview and written declaration, Kumar stated that members of the Badal Party assaulted him on two occasions. He then submitted a supplemental statement, along with six affidavits from acquaintances in India, alleging that members of the BJP Party had attacked him as well. Yet on direct examination at the merits hearing, Kumar discussed only the Badal Party when describing the attacks. When confronted about this inconsistency, Kumar noted that the two parties work closely together. The IJ and BIA were not required to accept this explanation, however, as the record supported an alternative view of the evidence—namely, that Kumar had altered his testimony to conform to the allegations in the affidavits.

Kumar also offered inconsistent testimony regarding the Badal Party's attempts to find him. At the merits hearing, Kumar testified that members of the Badal Party searched for him multiple times when he was living in India. But his written declaration contains no mention of these incidents. Instead, his declaration indicates that the Badal Party began looking for him after he left the country. His sole explanation for this inconsistency was that he had "made a mistake." It was not unreasonable for the IJ and BIA to reject this explanation as implausible. *See*

*Silva-Pereira v. Lynch*, 827 F.3d 1176, 1186 (9th Cir. 2016).

Contrary to Kumar's assertions, these inconsistencies in his testimony were not trivial, and the IJ and BIA were entitled to rely on them regardless of whether they went "to the heart" of his claims for relief. *See Shrestha v. Holder*, 590 F.3d 1034, 1043 (9th Cir. 2010) (internal quotation marks omitted). Because these inconsistencies are sufficient to support the adverse credibility finding, we do not address the BIA's additional reasons for affirming the IJ's determination.

**2.** Substantial evidence also supports the BIA's conclusion that Kumar is not eligible for CAT protection. Kumar's claim for relief is based on the same testimony that the BIA deemed not to be credible, and his country conditions evidence does not independently establish his eligibility for CAT relief. *See id.* at 1049.

**PETITION FOR REVIEW DENIED.**